IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHELLY DONNELLY-TOVAR,<br>On behalf of herself and all others similarly situated, | ) ) ) | Case No.: |
| Plaintiff, | ) ) | **COMPLAINT**<br>**and** |
| vs. | ) ) | **JURY DEMAND** |
| SELECT PORTFOLIO SERVICING, INC., | ) ) | (Class Action) |
| Defendant. | ) ) ) ) | |

## I.   INTRODUCTION

1.   This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act"). Plaintiff Shelly Donnelly-Tovar, on behalf of herself and all persons similarly situated, seeks actual, and statutory damages against the Defendant debt collector Select Portfolio Servicing, Inc. arising from the routine practice of sending collection letters to consumers, like the those sent to Ms. Donnelly-Tovar which *inter alia* failed to provide the validation notice pursuant to 15 U.S.C. § 1692g(a), the debt collection warning pursuant to 15 U.S.C. § 1692e(11), misrepresented the character, amount, or status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and e(10), and attempted to collect amounts not authorized by contract or law which had been discharged in bankruptcy in violation of 15 U.S.C. § 1692f(1).

## II.   JURISDICTION

2.   Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28

1

U.S.C. §§ 1331 and 1337.

3. In personam jurisdiction exists and venue is proper as the Defendant regularly conducts business in this district. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff Shelly Donnelly-Tovar is an adult individual residing in Omaha, Douglas County, Nebraska. At all times material hereto, Ms. Donnelly-Tovar and each member of the class she seeks to represent are Aconsumers@ as that term is contemplated in § 1692a of the Act.

5. Defendant Select Portfolio Servicing, Inc. (hereinafter "SPS") is a Utah corporation and licensed collection agency engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business located in Salt Lake City, Utah. SPS is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

### IV. FACTUAL ALLEGATIONS

6. Ms. Donnelly-Tovar incurred a mortgage obligation to First Franklin Loan Services ("First Franklin") for the purchase of a house used as her residence located at 134 Carter Lake Club, Carter Lake, Iowa.

7. Ms. Donnelly-Tovar came into financial difficulty which resulted in her mortgage obligation to First Franklin falling into arrears.

8. Unable to resolve her financial difficulties Ms. Donnelly-Tovar filed a Chapter 7 bankruptcy with the U.S. Bankruptcy Court for the District of Nebraska listing First Franklin as a secured creditor.

9. First Franklin was notified of the filing of Ms. Donnelly-Tovar's bankruptcy.

10. On May 3, 2010, Ms. Donnelly-Tovar's obligations were discharged by U.S. Bankruptcy Court for the District of Nebraska and her interest in the Carter Lake, Iowa house was abandoned.

11. Ms. Donnelly-Tovar has not reaffirmed or renewed the discharged mortgage obligation with First Franklin or any other entity,

12. SPS obtained Ms. Donnelly-Tovar's obligation to First Franklin after it had fallen into default.

13. On December 28, 2011, Defendant SPS sent a letter to Ms. Donnelly-Tovar, P.O. Box 1853, Counsel Bluffs, Iowa regarding a lien in the amount of $59,729.31. Attached hereto as Exhibit "A", is the letter of December 28, 2011, which reads in part:

> Dear Customer(s):
>
> Select Portfolio Servicing Inc  (SPS) is sending this letter to you  to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has been discharged, dismissed, or is subject to an automatic stay of bankruptcy order under Title 11 of the United States Code. This notice is for compliance and informational purposes only and does not constitute a reaffirmation of your obligation, a demand for payment, or an attempt to collect such obligation. Even though your personal liability on the note may be discharged, dismissed, or subject to an automatic stay, the terms of the mortgage remain in effect. The owner of the mortgage, as lien holder continues to have an enforceable lien on the real property.
>
> SPS recently conducted a review of your mortgage documents and has determined that you are pre-approved for a settlement to resolve the total amount secured by the lien on the property.
>
> Our records indicate that the total amount secured by the lien is $59,729.31. We would like to propose a settlement amount of $23,891.72 for a full and complete satisfaction of the lien on the property. Upon receipt of funds, SPS will consider the lien settled for less than the total amount secured by the lien and will release the lien on the property.  This offer is good through 03/27/2012.

> Personal checks will not be accepted.  Payment must be in the form of certified funds according to the attached instructions page for certified funds remittance.

Page 2 provides detailed payment instructions, which read in part:

**Certified Funds Remittance**

Certified funds may be sent in the form of a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect.

14.	At the bottom of the first page of <u>Exhibit A</u> SPS indicates that it is is a collection agency licensed in Minnesota, New York City, South Carolina, and Tennessee;

15.	<u>Exhibit A</u> was forwarded by the Post Office to Ms. Donnelly-Tovar at her address in Omaha, Nebraska.

16.	<u>Exhibit A</u> was the initial communication from SPS to Ms. Donnelly-Tovar.

17.	<u>Exhibit A</u> misrepresents Ms. Donnelly-Tovar has financial responsibility for a lien amount which was discharged in her bankruptcy.

18.	<u>Exhibit A</u> did not provide Ms. Donnelly-Tovar with the validation notice pursuant to 15 U.S.C.  § 1692g(a).

19.	<u>Exhibit A</u> did not provide Ms. Donnelly-Tovar with the debt collection warning pursuant to 15 U.S.C.  § 1692e(11).

## V.	DEFENDANTS' ROUTINE PRACTICES

20.	It is or was the routine practice of Defendant to send as its initial communication to the consumer, or cause to be sent, letters in the form of <u>Exhibit A</u> which fail to provide the validation notice pursuant to 15 U.S.C. §1692g(a).

21.	It is or was the routine practice of Defendant to send, or cause to be sent, letters in the form of <u>Exhibit A</u> which fail to provide the debt collection warning pursuant to 15 U.S.C.

§1692e(11).

22. It is and was the policy and practice of Defendants to send letters in the form of Exhibit A which misrepresent the character, amount, or legal status of the lien.

23. It is and was the policy and practice of Defendants to send letters in the form of Exhibit A which misrepresent the addressee=s responsibility for the lien.

24. It is and was the policy and practice of Defendant to send letters in the form of Exhibit A which attempt to recover amounts not authorized by contract or law.

25. It is and was the policy and practice of Defendant to send letters in the form of Exhibit A to addresses in Iowa.

VI. **CLASS ALLEGATIONS**

26. Plaintiff brings this action on her own behalf and on behalf of a class of persons similarly situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(3).

27. The class is defined as: (i) all persons at an address in Iowa (ii) to whom SPS sent, or caused to be sent, a letter in the form of Exhibit A (iii) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (iv) during the one year period prior to the date of filing this action.

28. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether SPS's letter in the form of Exhibit A violates 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

29. Plaintiff's claims are typical of the class members. All are based on the same


facts and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

32. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

(a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the FDCPA include, but are not limited to, the following:

(a) Sending <u>Exhibit A</u> which fails to provide the validation notice pursuant to 15 U.S.C. § 1692g(a);

(b) Sending <u>Exhibit A</u> which fails to provide the debt collection warning pursuant to 15 U.S.C. § 1692e(11);

(c) Making misrepresentations in the collection of a debt in violation of 15 U.S.C. § 1692e and e(10).

(d) Attempting to collect any amount (including any interest, fee charged or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

(e) Making false representations of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

WHEREFORE, Plaintiff Shelly Donnelly-Tovar requests that judgment be entered for herself and the class against Defendant Select Portfolio Servicing, Inc. and that the Court order:

A. Certification of this action to proceed as a class action;

B. Award of statutory damages to the Plaintiff and the class as provided in 15 U.S.C. § 1692k(a)(2)(B);

C. Award of actual damages to the class in the amount paid in response to all letters in the form of <u>Exhibit A</u>;

D. Entry of a Declaratory Judgment that the challenged practices herein violate the FDCPA;

E. Costs and reasonable attorneys= fees pursuant to 15 U.S.C. § 1692k(a);

F. Such other and further relief as the court deems just and equitable.

**VIII. <u>JURY DEMAND</u>**

Plaintiff Shelly Donnelly-Tovar hereby demands trial by jury in Omaha, Nebraska, of all claims so triable.

       Shelly Donnelly-Tovar, on behalf of herself
       and all others similarly situated, Plaintiff,

By: */s/ Pamela A. Car*
  Pamela A. Car, #18770
  William L. Reinbrecht, #20138
  Car & Reinbrecht, P.C., LLO
  8720 Frederick Street, Suite 105
  Omaha, NE 68124
  (402) 391-8484
  E-mail: pacar@cox.nett

  And

  O. Randolph Bragg
  HORWITZ, HORWITZ & ASSOC.
  25 East Washington St., Suite 900
  Chicago, IL 60602
  (312) 372-8822
  E-mail: rand@horwitzlaw.com

  ATTORNEYS FOR PLAINTIFF
  AND THE PUTATIVE CLASS