IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHELLY DONNELLY-TOVAR, On behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | **8:12CV203**<br><br>**MEMORANDUM AND ORDER** |

Pending before me is the plaintiff's motion to amend her complaint. (Filing No. 34). For the reasons discussed herein, the motion to amend will be denied.

ANALYSIS

The plaintiff's complaint was filed on June 13, 2012. (Filing No. 1). The complaint alleges the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by sending a collection letter, (Filing No. 1-1, Complaint, Ex. A), to Donnelly-Tovar for payment on a debt that was discharged in bankruptcy. The plaintiff's complaint seeks to bring the action on her own behalf, and on behalf of:

> (i) all persons at an address in Iowa (ii) to whom SPS sent, or caused to be sent, a letter in the form of Exhibit A (iii) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (iv) during the one year period prior to the date of filing this action.

(Filing No. 1, at CM/ECF p. 5, ¶¶ 26-27).

The defendant moved to dismiss the complaint for failure to state a claim. The motion to dismiss was denied on March 4, 2013. (Filing No. 19). The defendant's answer was filed on March 18, 2013.

The parties filed their Rule 26(f) report on April 5, 2013. (Filing No. 24). At that time, the plaintiff anticipated the need to amend her complaint and proposed April 26, 2013 as the deadline for doing so. The court accepted this representation and entered a progression order which stated "The deadline for moving to amend pleadings or add parties is April 26, 2013." (Filing No. 25).

On May 31, 2013, the plaintiff moved to amend her complaint. (Filing No. 34). The amended complaint seeks to redefine the putative class; specifically, "Plaintiff now seeks to convert this case to a nation-wide class action and to pursue allegations that SPS has routinely sent the same letter as that sent to the Plaintiff throughout the country." (Filing No. 35, at CM/ECF pp. 1-2). The plaintiff explains:

> Defendant has provided information that there are only eight (8) individuals resident in the state of Nebraska [sic][1] that fit within the current class as defined. However, it is reasonable to infer that the practice is wide spread and that SPS has acted in a similar fashion with respect to individuals such as the Plaintiff all over the country.
>
> The parties are in the early stages of this case and no discovery has yet been answered. No depositions have been scheduled. Therefore, defendant will not be prejudiced by allowing this First Amended Complaint.

(Filing No. 35, at CM/ECF p. 35).

---

[1] The defendant's brief clarifies: "Plaintiff's Motion incorrectly states that the information provided was that there were only 8 residents in the state of Nebraska who were sent the subject letter. In fact, however, her stated class concerned only residents in Iowa and so the information provided was for Iowa residents that were sent the letter." (Filing No. 38, at CM/ECF p. 5, n. 4).

LEGAL ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Irrespective of whether the complaint is amended, Donnelly-Tovar is seeking recovery for her losses under the FDCPA. The proposed amendments do not change Donnelly-Tovar's claims. Rather, they seek to broaden the scope of the putative class, presumably because the numerosity requirement for creating a court-ordered class cannot be met if the class membership is limited to persons with an Iowa address.[2] The plaintiff has not explained what she learned over the last month (after the April 26, 2013 amendment deadline) that now convinces her that SPS "routinely" sent the letter at issue "throughout the country." Based on the record before the court, the only new information is that the letter was not as widely used in Iowa as plaintiff anticipated. There is nothing of record explaining why the class definition she now proposes could not have been included in the initial complaint, and there is no factual showing that with a change in geographical definition, she can now clear the numerosity hurdle for creating a class.

---

[2] The court has previously questioned why a class action for the benefit of Iowa citizens was filed in a Nebraska District Court and whether the Iowa putative class members have an interest in litigating their disputes in an Iowa court. See Filing No. 30, (audio file) and Filing No. 31 (setting an August 15, 2013 deadline for defendant's anticipated motion to transfer venue).

The plaintiff has not met the threshold requirement of showing due diligence. Sherman, 532 F.3d at 716-17. But even had she done so, she cannot show prejudice. The plaintiff's proposed amendment adds nothing to the plaintiff's claims for recovery under the FDCPA. When she filed the complaint, she included allegations indicating she was willing to be the representative of a putative class, but she had no vested interest in being a class representative until the court decided a class should be created and the plaintiff was an appropriate representative for that class. Even absent creating a class, the plaintiff can still maintain her action for recovery against the defendant, and in fact, she will likely be afforded a more expeditious ruling on her own claims if she is not also representing a class.

The plaintiff has failed to present the requisite showing of good cause for extending the pleading amendment deadline of the court's case management order. Fed. R. Civ. P. 16(b)(4). Although she now argues the deadline was too short to reasonably meet, the plaintiff suggested the April 26, 2013 deadline.

Accordingly,

IT IS ORDERED that the plaintiff's motion to amend, (Filing No. 34), is denied.

June 27, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.