IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHELLY DONNELLY-TOVAR, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | 8:12CV203<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the objection, Filing No. 47, to the order of the magistrate judge, Filing No. 41, denying plaintiff's motion to amend her complaint, Filing No. 34. Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, contending the defendant sent her a collection letter for payment of a debt that was discharged in bankruptcy. Plaintiff sued on behalf of herself and persons in Iowa who had experienced the same debt collection attempts. Filing No. 1. The defendant filed a motion to dismiss, Filing No. 6, which was denied by this court, Filing No. 19. Thereafter, defendant filed an answer. The parties filed a Rule 26(f) report on April 5, 2013. Filing No. 24. The plaintiff made a request at that time to amend her complaint on or before April 26, 2013. The magistrate judge allowed for the plaintiff's request to file a motion to amend the complaint and gave plaintiff until April 26, 2013, to do so. On May 31, 2013, plaintiff moved to amend her complaint. In the amendment she requested that this case be converted to a nationwide class action, arguing that the defendant routinely sends the same letter at issue in this lawsuit throughout the country. Filing No. 35, at 1-2. She contended that only eight persons in

Iowa met the current definition of the class, and she inferred that the defendant had acted the same with people throughout the country. Filing No. 35, at 1-2.

The court will determine if the magistrate judge is clearly erroneous or contrary to law. *Koning v. Baisden,* No. 4:08-cv-3087, 2008 WL 4482839, at *3 (D. Neb. Oct. 1, 2008) (citing NECivR 72.3(c), Fed. R. Civ. P. 72(a)); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate[ ] [judge's] order is clearly erroneous or contrary to law.").

The magistrate judge determined that there was no good cause to extend the management deadline, as the plaintiff failed to meet the threshold for showing due diligence and failed to show any prejudice, as she can still pursue her own claims in this lawsuit. See *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (scheduling order can be modified only for good cause shown); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (adherence to progression orders is critical to the judiciary). Accordingly, the magistrate judge concluded that plaintiff failed to show good cause for allowing the amendment under Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Plaintiff filed her objections contending that she met the threshold requirement of due diligence pursuant to Fed. R. Civ. P. 16(b); that no prejudice would occur if the court granted leave to amend; that she could not maintain her action for recovery absent a class certification; and that the magistrate judge is incorrect in determining that she cannot establish nationwide class certification, as no discovery has been conducted

in that regard. Plaintiff asks this court to liberally grant her request pursuant to Fed. R. Civ. P. 15(a).

Plaintiff argues that there were only eight days from the entry of the initial progression order until the deadline for the parties to amend their pleadings. See Filing No. 25. Plaintiff did not get to conduct discovery before the amendment deadline passed. Further, argues plaintiff, only the defendant has access to the information, and it can be obtained only through discovery. Plaintiff contends she just found out that the class as currently defined is only composed of eight members.

The court has carefully reviewed the record and finds the magistrate judge is not erroneous as a matter of law or fact. The magistrate judge stated:

> The plaintiff has not explained what she learned over the last month (after the April 26, 2013 amendment deadline) that now convinces her that SPS "routinely" sent the letter at issue "throughout the country." Based on the record before the court, the only new information is that the letter was not as widely used in Iowa as plaintiff anticipated. There is nothing of record explaining why the class definition she now proposes could not have been included in the initial complaint…. The plaintiff has not met the threshold requirement of showing diligence…. Although she now argues the deadline was too short to reasonably meet, the plaintiff suggested the April 26, 2013 deadline.

Filing No. 41, at 3-4. The court finds it is insufficient to state, as plaintiff does, that "as SPS operates nationally, it is common sense that there are many more class members all over the country." Filing No. 35, at 2. Further, plaintiff waited a year after filing the complaint, before she made the request to amend the complaint to include plaintiffs throughout the United States. The court agrees with the magistrate judge that plaintiff had the opportunity from the beginning of filing this as a national class action lawsuit.

3

The plaintiff waited over a year to make that decision. Accordingly, the court finds the magistrate judge is correct as a matter of law and fact.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion to amend, Filing No. 34, is denied;

2. Plaintiff's objections to the magistrate judge's order, Filing No. 47, are overruled; and

3. The findings of the magistrate judge, Filing No. 41, are adopted in their entirety.

Dated this 4th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge